IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 6:24-CR-00130-ADA-1 |
| | § |
| JAHMEZZE C. HOLMAN | § |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was found guilty of Felon in Possession of a Firearm, in violation of Title 18 U.S.C. § 922(g)(1). The Court sentenced the Defendant to twenty-four months as to Count 1, followed by three years of supervised release as to Count 1; a $100.00 special assessment; a $500.00 fine; and special conditions ordered. On May 17, 2023, the Defendant was released to his term of supervision. On October 17, 2024, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the

1

Defendant violated the terms of his release and seeking a show-cause hearing as to why the Defendant's supervised release should not be revoked. The petition alleged the Defendant violated the terms of his release in the following instances:

> **Violation Number 1:** The defendant violated his mandatory condition number 1, in that on or about June 15, 2024, he possessed more than fourteen grams but less than four ounces of a Schedule VI controlled substance, to wit: Marijuana, in violation of Arkansas Code of Criminal Offenses § 5-64-436(B)(2), a class "D" felony.
>
> Factual Basis: On said date, Mr. Holman was arrested by the Arkansas State Police in Pope County, Arkansas, for the offense of Possession of a Schedule VI Controlled Substance with the Purpose to Deliver (Marijuana). This case is currently pending.
>
> **Violation Number 2:** The defendant violated his mandatory condition number 1, in that on or about June 15, 2024, he unlawfully committed, attempted, solicited, or conspired to commit a felony violation of § 5-64-419 – § 5-64-442 while in possession of a firearm, in violation of Arkansas Code of Criminal Offenses § 5-74-106, a class "Y" felony.
>
> Factual Basis: On said date, Mr. Holman was arrested by the Arkansas State Police in Pope County, Arkansas, for the offense of Simultaneous Possession of Drugs and Firearms. This case is currently pending.
>
> **Violation Number 3:** The defendant violated his mandatory condition number 1, in that on or about June 15, 2024, he possessed or owned a firearm after being previously convicted of a felony, and the possession of the firearm involves the commission of another crime or the person has been previously convicted under this section or a similar provision from another jurisdiction, in violation of Arkansas Code of Criminal Offenses § 5-73-103(A)(C), a class "B" felony.
>
> Factual Basis: On said date, Mr. Holman was arrested by the Arkansas State Police in Pope County, Arkansas, for the offense of Possession of a Firearm by Certain Persons. This case is currently pending.
>
> **Violation Number 4:** The defendant violated his mandatory condition number 1, in that on or about June 15, 2024, he possessed drug paraphernalia with the purpose to use the drug paraphernalia to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance, in violation of Arkansas Code of Criminal Offenses § 5-64-443, a felony.

Factual Basis: On said date, Mr. Holman was arrested by the Arkansas State Police in Pope County, Arkansas, for the offense of Possession of Drug Paraphernalia. This case is currently pending.

**Violation Number 5:** The defendant violated his mandatory condition number 1, in that on or about August 10, 2024, he unlawfully appropriated property with intent to deprive the owner of said property, a vehicle, without the owner's effective consent, and the property stolen is valued at more than $2,500.00 but less than $30,000, in violation of T.P.C. § 31.03 a State Jail Felony.

Factual Basis: On said date, Mr. Holman was charged by the Waco Police Department, located in Waco, Texas, for the offense of Theft Less Than $30,000. Mr. Holman stole a vehicle from the parking lot at The Olive Garden restaurant located in Waco, Texas, in an attempt to flee police officers and evade arrest.

**Violation Number 6:** The defendant violated his mandatory condition number 1, in that on or about August 10, 2024, he committed an offense with the intent to establish, maintain, or participate in a combination, or the profits of a combination, or as a member of a criminal street gang, he committed or conspired to commit the crime of unauthorized use of a motor vehicle, in violation of T.P.C. § 71.02(a), a Third Degree Felony.

Factual Basis: On said date, Mr. Holman was charged by the Woodway Police Department, located in Woodway, Texas, for the offense of Engaging in Organized Criminal Activity after he operated a motor vehicle on the highway with three passengers and evaded police after failing to pull over for a traffic stop. A Woodway Police Department officer clocked the vehicle traveling at a rate of 80 miles per hour in a 60 miles per hour zone. A vehicle pursuit ensued, reaching speeds of nearly 100 miles per hour, after which Mr. Holman, the driver, attempted to make a turn onto an adjoining highway and crashed and overturned the vehicle on an embankment. Two subjects were ejected from the vehicle, the other two subjects climbed out of the broken windshield, and all four subjects fled on foot across the highway. The three passengers were located hiding by a department store and were arrested for various offenses. At this time, a vehicle was actively being stolen from a nearby restaurant parking lot, and the suspect in that case was later determined to be Mr. Holman, as noted in violation number 5 above.

The vehicle in which Mr. Holman and the three others used in an attempt to evade police was reported as stolen to the Hewitt Police Department approximately one hour later by Mr. Holman's parents, who noted the vehicle was a rental through Hertz, and his parents reported they thought Mr. Holman was the one who stole the vehicle. It should be further noted that a subsequent search of the evading vehicle produced, "…four loaded firearms, four cell phones, and multiple rounds

of .45 and 10mm ammunition." One of the passengers arrested was found to be in possession of $2,000.00 cash. In one of the phone cases found, officers located a social security card belonging to Mr. Holman.

**Violation Number 7:** The defendant violated his mandatory condition number 1, in that on or about August 10, 2024, he intentionally fled from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him, and he used a vehicle while in flight, in violation of T.P.C. § 38.04(2), a Third Degree Felony.

Factual Basis: On said date, Mr. Holman was charged by the Woodway Police Department, located in Woodway, Texas, for the offense of Evading Arrest or Detention with a Vehicle after he was identified as the driver of a vehicle that evaded officers as noted in violation number 6 above, after officers attempted to pull the vehicle over due to a traffic violation.

**Violation Number 8:** The defendant violated his mandatory condition number 1, in that on or about August 10, 2024, he intentionally fled from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him, in violation of T.P.C. § 38.04(b), a class "A" misdemeanor.

Factual Basis: On said date, Mr. Holman was charged by the Woodway Police Department, located in Woodway, Texas, for the offense of Evading Arrest or Detention on foot after he was identified as the driver of a vehicle after the vehicle crashed after unsuccessfully evading police. Mr. Holman fled on foot after the crash to a nearby restaurant and was not apprehended.

**Violation Number 9:** The defendant violated his mandatory condition number 1, in that on or about August 10, 2024, he possessed a firearm after conviction and before the fifth anniversary of his release from confinement following conviction of a felony, in violation of T.P.C. § 46.04(a), a Third Degree Felony.

Factual Basis: On said date, Mr. Holman was charged by the Woodway Police Department, located in Woodway, Texas, for the offense of Unlawful Possession of a Firearm by a Convicted Felon. As noted in violation number 5 above, four firearms were located in the vehicle after the crash, and the vehicle previously contained four passengers, including Mr. Holman. Woodway officers therefore noted that, "…there is good reason to believe that all four subjects were in possession of at least one pistol, including Jahmeeze."

**Violation Number 10:** The defendant violated administrative condition number 2, in that on or about June 15 and August 10, 2024, he possessed a firearm. Factual Basis: Mr. Holman was found to be in possession of a firearm as evident by his arrests on both June 15, 2024, in Pope County, Arkansas, as discussed in

4

violation numbers 1 through 4 above, and as evident by being charged on August 10, 2024, with the crime of Unlawful Possession of a Firearm by a Convicted Felon, as noted in violation number 9 above, by the Woodway Police Department.

**Violation Number 11:** The defendant violated administrative condition number 3, in that on or June 15 and September 3, 2024, he traveled outside of the federal judicial district without prior permission from the probation officer.

Factual Basis: Mr. Holman traveled to Clarksville, Pope County, Arkansas, located within the Western District of Arkansas, on June 15, 2024, as evidence per his arrest on June 15, 2024, noted in violations number 1 through 4 above. He was also arrested on a federal warrant issued in this case on September 3, 2024, in Alton, Madison County, Illinois, located within the Southern District of Illinois. Mr. Holman did not have prior permission from the probation officer, nor had he submitted a request, to travel to either location.

**Violation Number 12:** The defendant violated his special condition, in that on or about September 3, 2024, he failed to pay his fine and special assessment.

Factual Basis: Mr. Holman has failed to make any payments towards his fine or special assessment while on supervision. He has been continuously reminded he needs to make monthly payments, even if it is a very small payment, but has failed to do so.

**Violation Number 13:** The defendant violated his special condition, in that on or about September 3, 2024, he failed to work regularly at lawful occupation.

Factual Basis: Mr. Holman was previously employed for one month at a local employer in the fall of 2023, then for two months at a second employer in early 2024, but has not worked since February 2024. He has been applying for jobs and the probation officer has referred him to two local workforce centers for assistance, as well as notified him of local temporary employment placement agencies, but he has continued to fail to obtain employment.

## II.  **FINDINGS OF THE COURT**

At the hearing, the Defendant pleaded no contest to the violations. The Government presented evidence that would support a finding of true, by a preponderance of the evidence, as to violations.

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2.        The Defendant was competent to make the decision to enter a plea to the allegations.

3.        The Defendant had both a factual and rational understanding of the proceedings against him.

4.        The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5.        The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.        The Defendant was sane and mentally competent to stand trial for these proceedings.

7.        The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.        The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9.        The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10.      The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11.      The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12.      The Defendant understood his statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked and that he

be remanded to the custody of the U.S. Marshal for twenty months with no term of supervised release to follow. The Defendant should receive credit for time served since the date of his arrest.

## IV.  **WARNINGS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED this 28th day of October 2024.**

_____
**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**